UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00136-HBB

CHARLES G.[1]                                                            PLAINTIFF

VS.

FRANK BISIGNANO
COMMISSIONER SOCIAL SECURITY[2]                       DEFENDANT

**MEMORANDUM OPINION
AND ORDER**

**I.    BACKGROUND**

Before the Court is the Complaint (DN ) of Charles G. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff and Defendant have filed briefs (DN 8, 12).  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 6).  By Order entered January 22, 2025 (DN 7), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.

## II.   FINDINGS OF FACT

On October 26, 2021, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 18, 276-84, 285-96).  Plaintiff alleged that he became disabled on January 1, 2018, due to mastoiditis of right side, otorrhea, cholesteatoma, posterior cervical arthrodesis, cervical spine stenosis, and a cervical fusion (Tr. 18, 105, 115, 125, 135, 321).  The application was denied initially on June 8, 2022, and upon reconsideration on October 13, 2022 (Tr. 18, 104, 114, 124, 134).[3]  On November 29, 2022, Plaintiff filed a written request for hearing (Tr. 18, 200).

On July 12, 2023, Administrative Law Judge Neil Morholt ("ALJ") conducted a telephone hearing (Tr. 18, 66).   Plaintiff and his counsel, Charles Richard Burchett, participated telephonically and Plaintiff testified (*Id.*).   Robin Jackson, an impartial vocational expert, testified during the hearing (*Id.*).

In a decision dated August 23, 2023, the ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2018 (Tr. 21).   The ALJ then evaluated Plaintiff's adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 21-32).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2018, the alleged onset date (Tr. 21).   At the second step, the ALJ determined that Plaintiff has the following severe impairments: hearing loss; degenerative disc disease of the cervical spine; right shoulder arthritis and rotator cuff tear; right hand carpal tunnel syndrome; and osteoarthritis (*Id.*).   The ALJ also determined that Plaintiff has the following non-severe medically determinable impairments: depression; chronic left wrist

---

[3] The ALJ indicates the application was denied upon initially on June 9, 2022 (Tr. 18).  As the Disability Determination and Transmittal form indicates June 8, 2022 (Tr. 104, 114), the undersigned has used that date.

scapholunate ligament dissociation; gastroesophageal reflux disease ("GERD"); left shoulder pain; cholesteatoma; central vestibular deficit/vertigo; canal dehiscence; and headaches (Tr. 21-24). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 24).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work due to the following limitations: frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, and crouch; never crawl; never reach overhead with the dominant right upper extremity; frequently reach in all other directions with the dominant right upper extremity; frequently handle, finger, and feel with the dominant right hand; occasionally reach overhead with the non-dominant left upper extremity; be frequently exposed to vibration, unprotected heights, and dangerous moving machinery; and able to work in an environment where the noise is up to level of 3 as defined in Appendix D of the Selected Characteristics of Occupations (Tr. 25). Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 30).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 31-32). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from January 1, 2018, through the date of the decision (Tr. 32).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 270-72). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

**B.      The Commissioner's Sequential Evaluation Process**

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

5

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

      C.      **<u>Plaintiff's Second Step Challenge</u>**

Plaintiff concedes that the adjudged severe impairments are supported by substantial evidence (DN 8 PageID # 1053). Plaintiff contends, however, the ALJ should have found that his right wrist condition, post-cholecystectomy diarrhea, and depressive disorder are also severe impairments (*Id.* at PageID # 1053-55).

At the second step in the sequential evaluation process a claimant must demonstrate he suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).[4] According to the regulations, upon determining that a claimant has at least one severe impairment, the ALJ must continue with the remaining steps in the sequential evaluation process. *Maziarz v. Sec'y of Health & Hum. Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

Here, the ALJ found Plaintiff suffered from the following severe impairments: hearing loss; degenerative disc disease of the cervical spine; right shoulder arthritis and rotator cuff tear; right hand carpal tunnel syndrome and osteoarthritis (Tr. 21). The ALJ continued with the remaining steps in the sequential evaluation process (Tr. 21-32). As the ALJ could properly

---

[4] To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" his physical or mental ability to do "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017).

consider the limitations imposed by Plaintiff's medically determinable severe and non-severe impairments in determining whether he retained sufficient RFC to allow him to allow him to perform substantial gainful activity, the ALJ's purported failure to find these three other impairments are "severe" could not constitute reversible error (Tr. 21-32). *Maziarz*, 837 F.2d at 244; *Mish v. Comm'r of Soc. Sec.*, No. 1:09-CV-753, 2011 WL 836750, at *1-2 (W.D. Mich. Mar. 4, 2011) (so long as an ALJ finds that other impairments are severe, continues with the sequential evaluation process, and considers all of a claimant's impairments in the remaining steps, the error is harmless).

Notwithstanding, while the ALJ uses the term "right hand," the finding that Plaintiff's "carpal tunnel syndrome and osteoarthritis" constitute a severe impairment necessarily refers to conditions that manifest themselves in both Plaintiff's hand and wrist (*See* Tr. 21, 28). Moreover, at step four the ALJ specifically discussed Plaintiff's "right wrist" along with Exhibits 11F and 12F, which include the very treatment notes cited in Plaintiff's brief (*Compare* Tr. 28 *with* DN 8 PageID # 1053). In fact, the ALJ noted that Plaintiff had been diagnosed with mild right carpal tunnel syndrome; very mild right elbow ulnar nerve compression; with scapholunate dissociation and scapholunate advanced collapse arthritis; and multifocal wrist arthritis and synovitis (Tr. 28). Moreover, the decision indicates that the ALJ considered Plaintiff's right wrist condition in assessing the physical RFC (*Id.*).

The evidence shows following a cholecystectomy (surgical procedure to remove a gallbladder) Plaintiff experienced diarrhea on two different occasions but each time it resolved after he receive a prescription for cholestyramine (Tr. 551, 554-58, 6144, 620, 730, 981). Notably, neither Plaintiff nor his counsel mentioned this condition during the hearing on July 12,

2023 (Tr. 69-96).  Additionally, Plaintiff has not cited evidence demonstrating this condition satisfies the duration requirement in the regulations.[5]  The ALJ did, however, consider Plaintiff's GERD which began soon after the gallbladder surgery (Tr. 22).  The ALJ found, "[t]he record does not demonstrate that GERD or gallbladder removal causes significant limitations in [Plaintiff's] ability to perform basic work activities and are not severe" (*Id.*).  In sum, Plaintiff has failed to demonstrate the ALJ should have found the post-cholecystectomy diarrhea is a severe impairment.

Finally, the ALJ appropriately considered whether Plaintiff's depression "significantly limits" his ability to do one or more basic work activities based upon the degree of functional limitation in each of the four broad functional areas that are known as the "paragraph B" criteria (Tr. 22-24).  20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E.  In pertinent part the ALJ's analysis reads:

> The record does not demonstrate that the claimant had any complaints of depression until November 2022.  At that time, the claimant sought therapy for complaints of depressive symptoms.  The record notes the claimant attended approximately four sessions before being discharged due to too many no shows.  Exams with the therapist over the course of that treatment described the claimant as having neat/appropriate dress and well-maintained hygiene.  The claimant had good eye contact.  He had clear articulation of speech with unremarkable voice.  He was alert and oriented.  He had normal attention.  He had average intelligence.  He was noted to have mild impairment of short-term memory.  Thoughts were within normal limits.  He was friendly, cooperative, polite, and joking but noted to have predominantly depressed mood and well modulated, congruent affect.  Judgment was within normal limits and partial insight.  (Ex. 18F, 19F)[.]  Exams with medical providers during the period under consideration were normal.  The claimant is alert and oriented with pleasant and appropriate affect.  Memory is normal.  Fund of knowledge is normal.  Attention and

---

5 To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months."  20 C.F.R. §§ 404.1509, 416.909.

concentration are normal. (Ex. 7F page 10, 17, 21; Ex. 8F page 14, 29; Ex. 9F page 5, 9, 12; Ex. 12F page 75, 86, 90, 94; Ex. 21F page 4; Ex. 22F page 13-14)[.] *The record does not demonstrate that depression caused any limitation in the paragraph B criteria during the period under consideration and further, depression would not meet the durational requirement.*

The claimant's medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe.

In making this finding, the undersigned has considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.

The first functional area is *understanding, remembering or applying information*. In this area, the claimant has *no limitation*. Mentally, the claimant can perform chores, prepare meals, go to doctor's appointments, take medications, and drive. The record shows that the claimant is able to provide information about his health, describe his prior work history, and follow instructions from healthcare providers. He is able to comply with treatment outside of a doctor's office or hospital and handle his own medical care. He is able to respond to questions from medical providers. The record does not demonstrate significant memory deficits. (Ex. 3E; Section F, generally)[.]

The next functional area is *interacting with others*. In this area, the claimant has *no limitation*. Mentally, the claimant is able to shop and live with others. The medical evidence shows that the claimant has a good rapport with providers. He appears to be pleasant and cooperative. He has normal interactions with providers. He appears comfortable during appointments. (Ex. 3E; Section F, generally)[.]

The third functional area is *concentrating, persisting or maintaining pace*. In this area, the claimant has *no limitation*. Mentally, the claimant is able to drive, prepare meals, and handle his own medical care. The record fails to show any significant deficits in attention or concentration. (Ex. 3E; Section F, generally)[.]

> The fourth functional area is *adapting or managing oneself*. In this area, the claimant has *no limitation*. Mentally, the claimant is able to handle self-care and personal hygiene and care for pets. The objective evidence in the record shows the claimant to have appropriate grooming and hygiene. He does not appear to have any problem getting along well with providers and staff. He typically has normal mood and affect. There is no evidence of problems with temper control. (Ex. 3E; Section F, generally)[.]

(Tr. 22-23) (emphasis added). As the ALJ's findings are supported by substantial evidence in the record and comport with applicable law, there is no merit to Plaintiff's challenge. In sum, there is no merit to each of Plaintiff's challenges at step two.

### D.  Plaintiff's Challenges to the Remaining Findings

Plaintiff relies on his arguments at step two to assert that substantial evidence does not support Finding Nos. 4, 5, 10, and 11 (DN 8 PageID # 1055-59). As Plaintiff's arguments at step two are without merit, Finding Nos. 4, 5, 10, and 11 are supported by substantial evidence in the record and comport with applicable law.

### IV.  CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenges.

## V.    ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

July 21, 2025

                                                                                  **H. Brent Brennenstuhl**
                                                                                  **United States Magistrate Judge**

Copies:        Counsel